IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01563-EWN-BNB

ANDRE ANDROPOLIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

RED ROBIN GOURMET BURGERS, INC.,
MICHAEL J. SNYDER, and
JAMES P. MCCLOSKEY,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Unopposed Motion to Vacate Scheduling/Planning Conference and Related Deadlines and to Hold a Status Conference on October 25, 2005** (the "Motion"), filed September 16, 2005.  The Motion is GRANTED IN PART as specified below.

This is a securities fraud action subject to the requirements of the Private Securities Litigation Reform Act of 1995.  The plaintiff asserts, without opposition, that it is not appropriate to hold a scheduling conference at this time because a motion to dismiss is pending, and the pendency of that motion operates to stay discovery and other proceedings.  The plaintiff also asserts that no lead plaintiff or lead counsel has yet been appointed.  The Motion seeks an order vacating the "Scheduling/Planning Conference and all related deadlines."  Motion, ¶4

It is not clear to me what the parties mean by the phrase "all related deadlines."  I am authorized to vacate the scheduling conference and the requirement that the parties make Rule

26(a)(1) initial disclosures.  The General Case Management Order and Order of Reference to United States Magistrate Judge (the "Order of Reference") by the district judge does not permit me to vacate the dispositive motion deadline of July 17, 2006, however, and provides to the contrary as follows:

> The magistrate judge designated below may modify this [dispositive motion deadline] for any motion or for all such motions if the modification results in *shortening* the deadline.  ***The deadline shall not be extended*** except by my order, entered only upon (1) written motion demonstrating "good cause" for an extension (*see* Fed. R. Civ. P. 16[b]) and (2) the assigned magistrate judge's written recommendation setting forth the reasons for believing there is "good cause" for the extension and proposing that the motion be granted.

Order of Reference, ¶1 (original emphasis).

I will grant the Motion insofar as it seeks an order vacating the scheduling conference and the parties' obligation to make Rule 26(a)(1) disclosures at this time.  Nothing in this order is intended to or should be understood as modifying the dispositive motion deadline, which remains as July 17, 2006.  I also will convert the hearing on October 25, 2005, at 8:30 a.m., to a status conference rather than a scheduling conference.  Accordingly,

IT IS ORDERED that the Motion is GRANTED to the following extent:

(1)     The parties' obligation to make Rule 26(a)(1) initial disclosures at this time and their obligation to submit a proposed scheduling order prior to October 25, 2005, are VACATED; and

(2)     The scheduling conference set for **October 25, 2005, at 8:30 a.m.**, is VACATED and CONVERTED to a status conference.

IT IS FURTHER ORDERED that the Motion is DENIED in all other respects.

Dated September 19, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge
