IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01563-EWN-BNB

(Consolidated with <u>Baird v. Red Robin Gourmet Burgers, Inc.</u>, 05-cv-01903; and consolidated for pretrial proceedings with <u>Wilster v. Snyder</u>, 05-cv-01707)

ANDRE ANDROPOLIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

RED ROBIN GOURMET BURGERS, INC.,
MICHAEL J. SNYDER, and
JAMES P. MCCLOSKEY,

Defendants.

_____

# ORDER
_____

This matter is before me on two motions:

(1) **Motion By City of Philadelphia Board of Pensions and Retirement for Its Appointment As Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead and Local Counsel** ("CPBPR's Motion for Appointment"), filed October 14, 2005; and

(2) **Defendant Red Robin Gourmet Burgers, Inc.'s, Motion to Consolidate Case With Parallel Shareholder Derivative Action** ("Red Robin's Motion to Consolidate"), filed October 17, 2005.

I held a hearing on the motions on December 15, 2005, and took the motions under advisement. I now GRANT both motions.

There are three related cases pending in this court. Two of the cases--<u>Andropolis v. Red Robin Gourmet Burgers, Inc.</u>, 05-cv-01563-EWN-BNB; and <u>Baird v. Red Robin Gourmet Burgers, Inc.</u>, 05-cv-01903-LTB--assert violations of the federal securities laws and are purported class actions. The third--<u>Wilster v. Snyder</u>, 05-cv-01707-PSF-BNB--is a shareholder derivative suit. Each of the three cases is based on allegations (1) concerning events occurring during the period of time between November 8, 2004, and August 11, 2005; (2) that Michael J. Snyder, the former chairman, president, and CEO of Red Robin, abused his position by violating the company's Code of Ethics during that period; (3) that the company lacked adequate internal controls to prevent such abuses; (4) that company insiders knew about Mr. Snyder's alleged abuses and profited from that knowledge; (5) that the company issued false projections regarding its expected revenues and earnings per share in 2005; and (6) that the faulty projections were the result of insufficient internal controls by the company. The alleged abuses by Mr. Snyder common to all three cases include his controlling interest in Mach Robin LLC and the company's grant of a franchise development right to Mach Robin; and Mr. Snyder's misuse of the company airplane and other assets for his personal benefit.

The procedure applicable here is provided by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), which states in relevant part:

> **(B)  Appointment of lead plaintiff**
>
>   **(i) In general**
>   Not later than 90 days after the date on which a notice is published under subparagraph (A)(I), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the

purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

### (ii) Consolidated actions

If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (I) [lead plaintiff] until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision in rendered, the court shall appoint the most adequate as lead plaintiff for the consolidated actions in accordance with this paragraph.

### (iii) Rebuttable presumption
#### (I) In general

Subject to Subclause (II), for purposes of clause (I), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--

 **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);

 **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and

 **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

\* \* \*

### (v) Selection of lead counsel

The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.

15 U.S.C. § 78u-4(a)(3)(B).

## I.
## Consolidation of the Securities Fraud Cases

Although not apparent from the caption, CPBPR's Motion for Appointment seeks consolidation of the two securities fraud cases--<u>Andropolis</u> 05-cv-01563 and <u>Baird</u> 05-cv-01903. <u>See</u> Memorandum of Law In Support of Motion By City of Philadelphia . . . for Appointment As

Lead Counsel [etc.] ("CPBPR's Brief re Appointment"), filed October 14, 2005 [Doc. # 29], at p.10. The PSLRA requires that I consider first the request for consolidation. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Consolidation pursuant to Rule 42(a), Fed. R. Civ. P., is appropriate when actions involve common questions of law and fact. The rule provides:

> (a) When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.

No party opposes the consolidation of the securities fraud cases. In addition, I find that the Andropolis and Baird cases involve common questions of law and fact, and that the interests of economy would be furthered by consolidating those cases. Nor will any party suffer prejudice by the consolidation of the securities fraud cases.

## II.
## Appointment of Lead Plaintiff

Next, the PSLRA directs that I appoint a lead plaintiff. The lead plaintiff must be the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," and the statute creates a rebuttable presumption that the most adequate plaintiff is the person or group that (1) has filed a motion for appointment as lead plaintiff; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements" of Rule 23, Fed. R. Civ. P.

Initially two groups sought appointment as lead plaintiff--CPBPR and the Ray Group. At the hearing on the motions, however, counsel for the Ray Group withdrew its motion to be

appointed. Consequently, only CPBPR seeks appointment as lead plaintiff.

The evidence before me indicates that CPBPR has a substantial financial interest in the relief sought. Specifically, CPBPR alleges a loss in connection with its Red Robin stock ranging from $53,864.25 to $129,484.32. City of Philadelphia . . . Reply Memorandum of Law In Further Support of Its Motion for Appointment As Lead Plaintiff ("CPBPR's Reply Brief re Appointment"), filed November 18, 2005 [Doc. # 53], at Exh. B, C, and D. And, of course, CPBPR has the largest financial interest of any potential lead plaintiff because it is the only movant for appointment.

CPBPR is a large, institutional investor. Institutional investors are favored as lead plaintiffs under the PSLRA. See Gluck v. Cellstar Corp., 976 F. Supp. 542, 548 (N.D. Tex. 1997)(stating that "[t]he legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors").

Finally, CPBPR otherwise satisfies Rule 23, Fed. R. Civ. P., which requires in any class action the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Of these four criteria, only (3) typicality and (4) fair and adequate representation need be shown at this stage, Gluck, 976 F. Supp. at 546, and only a "preliminary showing" is required. Id.

CPBPR's claims are typical of those of the purported class. It purchased Red Robin securities during the relevant time period; at allegedly artificially inflated prices as a result of false and misleading statements issued by the defendants or failures by the defendants to disclose material information; with resulting damage. In addition, CPBPR has shown that it can fairly and adequately represent the purported class. It is a sophisticated, institutional investor with a substantial financial stake in the case. CPBPR is experienced as lead counsel in other securities class actions. It has selected competent and extremely experienced counsel to act on its behalf.

## III.
## Appointment of Lead Counsel

The PSLRA provides that the lead plaintiff should select and retain counsel to represent the class, "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). I should approve the lead plaintiff's selection of counsel provided that counsel is competent, experienced, and possesses the resources necessary to prosecute the case. In re MicroStrategy Inc. Securities Litigation, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000).

CPBPR has selected Berger & Montague, P.C., as lead counsel; and Bader & Associates, LLC, as local counsel . I have reviewed carefully the resumes of both firms. The firms have substantial experience in securities litigation, and are competent and possess sufficient resources to fulfill their respective roles in this case.

## IV.
## Consolidation of the Shareholder Derivative Suit

Finally, Red Robin and other defendants request that the shareholder derivative action--Wilster v. Snyder, 05-cv-01707-PSF-BNB--be consolidated with the securities fraud cases for pretrial proceedings. The plaintiff in the shareholder derivative suit strongly opposes the

consolidation; lead plaintiff in the securities fraud cases opposes consolidation, but "is amenable" to an order that "coordinates" the discovery in the derivative and securities fraud actions. Response of Interested Party, Lead Plaintiff [etc.] (the "CPBPR's Response"), filed November 7, 2005 [Doc. # 47], at p.1 n.1.

Red Robin urges consolidation of the derivative suit on the following grounds:

> While the Securities Action and the Derivative Action are premised upon different theories of recovery, in all other respects they are practically mirror images of one another. Both define the period between November 8, 2004 and August 11, 2005 as the relevant time frame. Both allege that Snyder "abused" his position at Red Robin by violating the company's Code of Ethics during that period. Both assert that the company lacked adequate internal controls to prevent such "abuse." Both contend that company insiders knew about Snyder's alleged "abuse" and profited from that knowledge. Both fault the company for issuing allegedly faulty projections regarding the company's expected revenues and earnings per share in 2005. Both assert that the allegedly inaccurate financial projections resulted from insufficient internal controls. . . . For these cases to continue to proceed on different tracks in different courtrooms would waste judicial resources, lead to duplicative discovery, cause the parties unnecessary expense and inconvenience, and potentially crate conflicting obligations. There is no reason for these nearly identical battles to be waged on different fronts. . . .

Red Robin's Motion to Consolidate, at p.7.

Wilster opposes consolidation, arguing that the derivative action and the securities fraud actions involve differing legal theories, differing procedures, differing standards of liability, and some differing parties. Interested Party Elliot Wilster's Opposition to Defendant's Motion to Consolidate [etc.] ("Wilster's Opposition"), filed November 8, 2005 [Doc. # 50], at pp.7-8. In addition, Wilster is particularly concerned that the cases not be consolidated for trial, arguing:

> Consolidating the Derivative Action and Class Action here would not only prove unmanageable, but it would also cause grave confusion and prejudice to consolidate the Derivative Action brought **on behalf of** Red Robin with the Class Action brought **against** Red Robin.  If a jury were to hear the consolidated cases, they would likely confuse liability of the Company as alleged in the Class Action with liability of the directors as alleged in the Derivative Action.  Further, a jury would be forced to decide both whether the Company should be made to pay damages to the purchasers of its securities and whether the Company is entitled to damages from the actions of its officers and directors.

Wilster's Opposition, at pp.8-9 (original emphasis).

Wilster's concerns about jury confusion at trial are misplaced because Red Robin's Motion to Consolidate seeks consolidation for pretrial purposes only.  Although Rule 42(a) does not say so expressly, consolidation need not be only for trial.  9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2382 at p.434.  According to Professors Wright and Miller:

> Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court.

Id.  In addition:

> Actions by different plaintiffs arising out of the same tort . . . frequently are ordered consolidated under Rule 42(a).  Consolidation is not barred simply because the plaintiffs may be relying on different legal theories or because there are some questions not common to all the actions; the critical consideration, as in other contexts under the federal rules, is whether there is at least one common question. . . .

Id., § 2384 at pp.454-57.

Consolidation of the derivative action with the securities fraud actions for pretrial purposes is appropriate here because the cases arise from the same predicate acts and are based on essentially the same conduct.  The cases are at the same procedural stage; the common factual

issues among the cases are central to them all; and consolidated pretrial administration of the cases will promote convenience, economy, and efficiency and avoid inconsistent rulings on scheduling and discovery matters. Nor is there any real risk of confusion or unfairness resulting from consolidation for pretrial matters, all of which will be handled by judges and not by juries.

Other courts have utilized consolidation under Rule 42(a) for pretrial proceedings. See, e.g., Aikens v. Deluxe Financial Services, Inc., 2002 WL 1203230 at *1 (D. Kan. May 16, 2002); Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129-30 (S.D.N.Y. 1997). Here, as the court noted in Primavera, consolidation for pretrial purposes does not affect the right of the derivative plaintiffs to choose their own counsel or to pursue their separate claims; the parties to the derivative action will not be bound by settlement negotiations conducted in the securities fraud actions; and the securities fraud actions and the derivative action are not merged into a single cause. The net effect of this consolidation is to allow the case schedules and discovery to be coordinated by a single magistrate judge, subject to review on objection by a single district judge. In addition, pretrial dispositive motions in the cases will be handled by a single district judge.

## V.
## Conclusion

IT IS ORDERED that CPBPR's Motion for Appointment is GRANTED; the securities fraud cases--Andropolis v. Red Robin Gourmet Burgers, Inc., 05-cv-01563-EWN-BNB; and Baird v. Red Robin Gourmet Burgers, Inc., 05-cv-01903-LTB--are consolidated; CPBPR is appointed lead plaintiff in the securities fraud cases; Berger & Montague, P.C., is appointed lead

9

counsel in the securities fraud cases; and Bader & Associates, LLC, is appointed local counsel in the securities fraud cases.

IT IS FURTHER ORDERED that the lead plaintiff shall have to and including **January 31, 2006**, within which to file an amended, consolidated complaint in the securities fraud cases.

IT IS FURTHER ORDERED that the shareholder derivative action--<u>Wilster v. Snyder</u>, 05-cv-01707-PSF-BNB--is consolidated with the securities fraud actions for coordinated pretrial proceedings.

IT IS FURTHER ORDERED that all future filings shall be captioned as indicated above.

Dated December 19, 2005.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge