IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Edward W. Nottingham

Civil Action No. 05-cv-01563-EWN-BNB

(Consolidated with <u>Baird v. Red Robin Gourmet Burgers, Inc.</u>, 05-cv-01903)

ANDRE ANDROPOLIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

RED ROBIN GOURMET BURGERS, INC.,
MICHAEL J. SNYDER,
JAMES P. McCLOSKEY,
LISA A. DAHL,
KATHERINE L. SCHERPING, and
DENNIS B. MULLEN,

Defendants.

---

**LEAD PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

**I.     INTRODUCTION**

This unopposed motion is submitted by Lead Plaintiff the City of Philadelphia Board of Pensions and Retirement, by and through Plaintiffs' Lead Counsel, in support of Lead Plaintiff's request for entry of the Proposed Order Preliminarily Approving Partial Settlement and Approving Form and Manner of Notice (the "Notice Order") submitted herewith.  The Notice Order will: (a) preliminarily approve the proposed partial settlement of this class action on the terms set forth in the Stipulation of Settlement dated May 24, 2007 ("Stipulation"); (b) conditionally certify, for purposes of this settlement only, a settlement class of purchasers of Red Robin common stock between August

1

13, 2004 and January 9, 2006, inclusive (the "Settlement Class"); (c) approve the Parties' proposed form and method for giving notice of the pendency of this action and the settlement to the putative Class; (d) direct that the notice be given to Class Members as approved by the Court; and (e) schedule a Settlement Hearing at which the Court will consider: (i) the Parties' request for final approval of the settlement and entry of the Final Judgment and Order of Dismissal with Prejudice; (ii) the Plan of Allocation of settlement proceeds; and (iii) Plaintiffs' Lead Counsel's petition for an award of attorneys' fees and reimbursement of expenses.

The Parties have reached an agreement to settle this litigation on the terms set forth in the Stipulation which has been filed herewith. This settlement resolves all claims against all Defendants. The settlement provides for the payment of $1.5 million in cash for the benefit of the Class.

Lead Plaintiff and Plaintiffs' Lead Counsel request that this motion be granted not only because public policy favors the settlement of complex class actions such as this one, but, as demonstrated herein, the settlement represents a fair, reasonable, and adequate result and is in the best interests of the Settlement Class under the governing standards in this Circuit and warrants the approval of the Court.

In determining whether to grant *preliminary* approval, the issue before the Court is whether the proposed settlement is within the range of what might be found to be fair, reasonable and adequate, such that notice of the proposed settlement should be given to Settlement Class members and a hearing scheduled to consider final approval of the settlement. The Court is not required at this point to make a determination as to whether the settlement should be finally approved, although Lead Plaintiff believes that the settlement merits final approval. As stated in the *Manual for*

*Complex Litigation (Fourth)* § 13.14, at 173 (2004):

> . . . First, the judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.

The *Manual for Complex Litigation (Third)* describes the criteria to be considered in granting preliminary approval as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*Manual for Complex Litigation (Third)* § 30.41, at 237 (1995).

The proposed settlement is unquestionably within the range of possible approval and meets the criteria for giving notice to Settlement Class members. Accordingly, Lead Plaintiff respectfully requests that the Court enter the Order.

## II.     HISTORY OF THE LITIGATION

On August 15, 2005, Andre Andropolis filed a securities class action against Red Robin Gourmet Burgers, Inc. ("Red Robin"), Michael J. Snyder ("Snyder") and James P. McCloskey ("McCloskey") in the United States District Court for the District of Colorado (<u>Andropolis v. Red Robin Gourmet Burgers, Inc., et al.</u>, 05-cv-01563-EWN-BNB). A related securities class action was filed by Mark Baird against Red Robin, Snyder and McCloskey on September 30, 2005 (<u>Baird v. Red Robin Gourmet Burgers, Inc., et al.</u>, 05-cv-01903-LTB). On October 14, 2005, the City of Philadelphia Board of Pensions and Retirement ("CPBPR") petitioned the Court to appoint it Lead Plaintiff in the litigation. On December 19, 2005, the Court consolidated the <u>Andropolis</u> and <u>Baird</u>

3

cases, appointed CPBPR as Lead Plaintiff in the consolidated case, and approved CPBPR's selection of Berger & Montague, P.C. as lead counsel and Bader & Associates, L.L.C. as local counsel.

On February 28, 2006, Lead Plaintiff filed the Consolidated Complaint (the "Complaint"), asserting claims under Sections 10(b), 14 and 20(a) of the Securities Exchange Act of 1934 on behalf of all persons who purchased the common stock of Red Robin between August 13, 2004 and January 9, 2006, inclusive, against Red Robin, Snyder, McCloskey, Lisa A. Dahl ("Dahl"), Katherine L. Scherping ("Scherping") and Dennis B. Mullen ("Mullen"). More particularly, the Complaint alleges that between August 13, 2004 and August 11, 2005, Red Robin, Snyder, McCloskey, Dahl, and Mullen caused Red Robin's stock to trade at artificially inflated values by making materially false and misleading statements about the adequacy of Red Robin's internal controls in quarterly and annual financial statements filed with the Securities and Exchange Commission ("SEC") when controls related to the use of chartered aircraft and travel and entertainment expenses were inadequate. The Complaint also alleges that between August 13, 2004 and August 11, 2005, Red Robin, Snyder, McCloskey, Dahl and Mullen made materially false and misleading statements concerning Snyder's compensation in Red Robin's 2004 Form 10-K and 2005 proxy by failing to disclose as compensation personal use of the Company's chartered aircraft and non-business expenses paid for by the Company. The Complaint further alleges that Red Robin and the replacement executives (Mullen and Scherping) issued materially false and misleading revenue, earnings and comparable store sales guidance for the third and fourth quarters of 2005 in that they issued the guidance knowing that inadequate controls over financial reporting and other factors made accurate forecasting impossible. Red Robin's and the replacement executives' statements concerning the adequacy of internal controls over financial reporting in quarterly reports filed with

4

the SEC are also alleged to be false and misleading.

On May 1, 2006, Defendants moved to dismiss the Complaint. Lead Plaintiff filed its opposition brief to the motions to dismiss on May 31, 2006. Defendants filed their reply briefs on June 19, 2006.

On January 2, 2007, the Court issued an Order and Memorandum of Decision granting Defendants' motions to dismiss as to all claims with prejudice. On January 17, 2007 the Court entered final judgment against Plaintiffs.

The Parties agreed to attend a non-binding mediation session before retired U.S. District Judge Nicholas Politan on January 18, 2007. On February 14, 2007, Lead Plaintiff filed a Notice of Appeal as to the Court's dismissal of its claims.

**III.     THE SETTLEMENT**

The $1.5 million settlement was reached after a mediation session on January 18, 2007 and two months of subsequent hard-fought negotiations, all of which were capably overseen and facilitated by retired U.S. District Court Judge Nicholas Politan. On April 4, 2007, the Parties executed a Memorandum of Understanding setting forth their agreement in principle to settle the Litigation. The terms and conditions of the settlement are contained in the Stipulation of Settlement dated May 24, 2007.

**IV.     PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED**

It has been long recognized in this and other Circuits that settlement of complex class action cases are highly favored. See, e.g., Grady v. De Ville Motor Hotel, Inc., 415 F.2d 449, 451 (10th Cir. 1969); In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 784 (3d Cir. 1995); Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977); Big O Tires, Inc. v. Bigfoot

5

4x4, Inc., 167 F. Supp. 2d 1216, 1229 (D. Colo. 2001) (Babcock, C.J.). Federal Rule of Civil Procedure 23(e) requires judicial approval for the settlement of claims brought on a class basis. At the final approval hearing, the Court will be asked to make a determination as to whether the settlement is fair, reasonable and adequate, under all of the circumstances. At this stage, however, the Parties request only that the Court grant preliminary approval of the settlement.

In assessing whether preliminary approval is warranted, the sole question before the Court is whether the proposed settlement is within the range of what might be found fair, reasonable and adequate, see *Manual for Complex Litigation, Third,* § 30.41, at 237, so that Class Members should be given notice of the proposed settlement and a hearing scheduled to consider final approval of the proposed settlement. See *Manual for Complex Litigation, Fourth,* §13.14, at 173 ("First, the [court] reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.").

The proposed settlement clearly satisfies the standard for preliminary approval. The $1.5 million settlement with all Defendants is fair, reasonable and adequate. Throughout this case, Defendants have vigorously denied liability and denied that Lead Plaintiff and the Settlement Class suffered any actionable damages. Indeed, Defendants won dismissal of all of Plaintiffs' claims with prejudice. While Lead Plaintiff and Plaintiffs' Lead Counsel believe that the claims asserted in the Complaint have merit and the evidence developed to date supports the claims, we recognize the uncertainty and risk of any litigation, especially in complex actions such as this one, as well as the difficulties and delays inherent in such litigation. With respect to damages, the heavily-contested issue would be subject to expert testimony, and therefore, it would be impossible to predict with certainty which side's arguments would find favor with the jury. As a result, in a trial, Plaintiffs

could have recovered nothing or substantially less than the amount of the Settlement. Plaintiffs' Lead Counsel is also mindful of the inherent problems of proof under and possible defenses to the federal securities law violations asserted. Hence, Plaintiffs' Lead Counsel believe that the Settlement set forth in the Stipulation confers a substantial benefit upon the Settlement Class and falls well within the range of possible approval, warranting the issuance of notice to the Settlement Class members.

Moreover, reference to factors established by the Tenth Circuit in granting final approval of class action settlements lend support to the proposition that the settlement is well within the range of possible approval. See Gottlieb v. Wiles, 11 F.3d 1004, 1014 (10th Cir. 1993); Jones v. Nuclear Pharmacy, Inc., 741 F.2d 322, 324 (10th Cir. 1984). There are no grounds to doubt the fairness of the settlement. The settlement was reached only after hard-fought negotiations overseen and facilitated by a retired United States District Court judge. Lead Plaintiff was represented by counsel with extensive experience in litigating securities class actions, and Defendants were represented by similarly experienced counsel.

Lead Plaintiff, through its counsel, having carefully considered and evaluated, *inter alia*, the relevant legal authorities and evidence to support the claims asserted against the Defendants, the likelihood of prevailing on these claims, the risk, expense and duration of continued litigation, and the likely appeals and subsequent proceedings necessary if Lead Plaintiff succeeded in its appeal of the dismissal of its claims and ultimately prevailed against Defendants at trial, has concluded that the settlement is fair, reasonable and adequate and in the best interest of the Class. The recovery from the settlement will be shared with Settlement Class members with no preferences being extended to Lead Plaintiff.

While the Parties believe the settlement merits final approval, the Court need not make that determination at this time. The Court is being asked to permit notice of the terms of the settlement to be sent to the Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider any expressed views by Class Members of the fairness of the settlement, the Plan of Allocation, and Lead Counsel's request for an award of fees and expenses. See 5 James Wm. Moore, *Moore's Federal Practice* ¶23.85[3], at 23-353 to 23-354 (3d ed. 2002).

## V.     CERTIFICATION OF A SETTLEMENT CLASS IS APPROPRIATE

Preliminarily, class actions are the favored method of litigating securities fraud actions involving numerous plaintiffs. See In re Ribozyme Pharm., Inc. Sec. Litig., 205 F.R.D. 572, 577 (D. Colo. 2001) (Babcock, C.J.) (citing Schwartz v. Celestial Seasonings, 178 F.R.D. 545, 550 (D. Colo. 1998) (Kane, J.)); In re Intelcom Grp., Inc. Sec. Litig., 169 F.R.D. 142, 144 (D. Colo. 1996) (Daniel, J.); In re Storage Tech. Corp. Sec. Litig., 113 F.R.D. 113, 115 (D. Colo. 1986) (Matsch, J.).

In order to proceed with the settlement approval process, it is necessary for the Court to certify a class for purposes of the settlement. Federal Rule of Civil Procedure 23 provides that an action may be maintained as a class action if each of the four prerequisites of Rule 23(a) is met and the action qualifies under one of the subdivisions of Rule 23(b). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(b) provides, in relevant part:

> An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and, in addition:

8

> (3) the court finds that the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy….

As set forth below, all of the requirements of Fed. R. Civ. P. 23 are met in this case and certification of a class for purposes of settlement is appropriate.

### A.    The Class is Sufficiently Numerous

To meet the requirement of numerosity, Lead Plaintiff must adequately define the class and establish that the class is so numerous that joinder of all members is impracticable. Schwartz, 178 F.R.D. at 550 (citing Cook v. Rockwell Int'l Corp., 151 F.R.D. 378, 382 (D. Colo. 1993)). There is a general assumption that the numerosity requirement is met in cases involving nationally traded securities. See Ribozyme Pharm., 205 F.R.D. at 577 (citing Intelcom, 169 F.R.D. at 148).

The Settlement Class in this case consists of all persons who purchased Red Robin common stock between August 13, 2004 and January 9, 2006, inclusive. Although the exact number of Settlement Class members is currently unknown, based upon the number of outstanding shares of Red Robin at the time this lawsuit was filed (approximately 16.4 million shares) and the trading volume of Red Robin common stock during the Class Period, Plaintiffs' Lead Counsel is confident the Settlement Class numbers at least in the hundreds. At all relevant times, Red Robin's common stock was actively traded on the NASDAQ National Market. In addition, Red Robin shareholders are geographically dispersed. The numerosity requirement is satisfied.

### B.    Common Questions of Law and Fact Exist

To certify the Settlement Class there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Rule 23(a)(2) does not require "that all the questions of law or fact raised by the dispute be common." Schwartz, 178 F.R.D. at 550-51. The existence of either common legal

9

or factual questions is sufficient to satisfy the threshold commonality requirement. Intelcom, 169 F.R.D. at 148 (citing Milonas v. Williams, 691 F.2d 931, 938 (10th Cir. 1982)). The Settlement Class' claims arise from the same set of facts and are based on common legal theories. Questions of law and fact common to the Settlement Class include, among others, the following: (1) whether the federal securities laws were violated by Defendants' alleged acts; (2) whether Defendants participated in and pursued the alleged common course of conduct and fraudulent scheme; (3) whether the documents, reports, filings, releases and statements disseminated to the investing public during the Class Period misrepresented material facts about Red Robin, its key officers, and its operations; (4) whether Defendants acted knowingly or recklessly in misrepresenting material facts; (5) whether the market price of Red Robin common stock during the Class Period was artificially inflated due to the alleged misrepresentations; and (6) whether the members of the Settlement Class have sustained damages and, if so, the appropriate measure thereof. This prerequisite is satisfied.

  **C. Lead Plaintiff's Claims are Typical of Those of the Class**

Rule 23(a)(3) requires that "the claims ... of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied where "there is a nexus between the class representatives' claims … and the common questions of fact or law which unite the class." Schwartz, 178 F.R.D. at 551 (citing Cook, 151 F.R.D. at 385). To satisfy the typicality requirement, "the positions of the named plaintiffs and the potential class members do not have to be identical." Id. As recognized by Judge Daniel in Intelcom, "the typicality requirement provides a safeguard against intraclass conflicts, ensuring that the named plaintiffs' interests are more or less coextensive with those of the class." 169 F.R.D. at 149.

Lead Plaintiff's claims are typical of the Settlement Class members because they arise from the alleged common scheme and course of conduct and Defendants' alleged false and misleading

10

statements and omissions. Lead Plaintiff and members of the Settlement Class also share a common alleged injury – artificial inflation of the price of Red Robin's stock. As the court stated in In re Oxford Health Plans, Inc. Sec. Litig., 199 F.R.D. 119, 124 (S.D.N.Y. 2001), "where the public market of a quoted security is polluted by false information, or where price, supply and demand are distorted as a result of misleading omission, all types of investors are injured."

### D. Lead Plaintiff Has Adequately Protected the Interests of the Settlement Class

The class representative must adequately represent the class. See Fed. R. Civ. P. 23(a)(4). The criteria for determining whether Lead Plaintiff will adequately represent the class include "whether they have common interests with the members of the potential class and whether they will vigorously prosecute the interests of the class through qualified counsel." Ribozyme Pharm., 205 F.R.D. at 578 (citing Schwartz, 178 F.R.D. at 552).

Both of these factors support certification of the Settlement Class in this case. There are no conflicts between Lead Plaintiff and members of the Settlement Class. Lead Plaintiff CPBPR has vigorously prosecuted this case for the benefit of all members of the Settlement Class. Berger & Montague, P.C., which was selected as Lead Counsel by the Lead Plaintiff, has extensive experience in the prosecution of securities class actions. Indeed, this Court previously considered CPBPR's qualifications as well as the qualifications of Berger & Montague, P.C. prior to appointing them as Lead Plaintiff and Lead Counsel, respectively. See Dec. 19, 2005 Order by Magistrate Judge Boland.

### E. The Requirements of Rule 23(b) Are Satisfied

Certification is appropriate under Rule 23(b) when common questions of law or fact predominate over any individual questions and a class action is superior to other available means of adjudication. These requirements are satisfied in this case.

### 1. Common Questions of Law or Fact Predominate

In the context of Rule 23(b), predominance means that the central issues of Lead Plaintiff's claims or Defendants' defenses should be common to all members of the Settlement Class.

The common issues in this case, as in most class actions brought under the federal securities laws, vastly outweigh any individual issues. There are several common issues in dispute, including Defendants' alleged misrepresentations and omissions to the members of the Settlement Class, Defendants' alleged scienter in making those misstatements and omissions, and whether the alleged misrepresentations caused the Settlement Class to suffer damages, and, if so, the appropriate measure thereof. These issues, which arise from a common course of conduct, predominate over any individual issues and make certification of the Settlement Class appropriate. See, e.g., Ribozyme Pharm., 205 F.R.D. at 578-79; Schwartz, 178 F.R.D. at 554.

### 2. A Class Action is the Superior Method of Adjudicating This Case

The second prong of Rule 23(b) requires the Court to consider whether a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." This requirement, however, is essentially satisfied by the proposed settlement. As the Supreme Court explained in Amchem Products, Inc. v. Windsor, 117 S. Ct. 2231, 2248 (1997), "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Pro. 23(b)(3)(D), for the proposal is that there be no trial." Thus, any manageability problems that may have existed in this case are eliminated by the proposed settlement. Moreover, it is well recognized that the class action mechanism is the superior method of adjudicating securities fraud claims. See Ribozyme Pharm., 205 F.R.D. at 579; Intelcom, 169 F.R.D. at 149 (citing cases).

## VI. NOTICE OF THE PROPOSED SETTLEMENT SHOULD BE GIVEN TO SETTLEMENT CLASS MEMBERS

In light of the foregoing, Lead Plaintiff requests that notice of the proposed settlement be given to members of the Settlement Class. The Stipulation of Settlement provides that notice will be provided to the Settlement Class in two ways: First, written notice will be mailed to each member of the Settlement Class who can be identified with reasonable effort, directly and/or through nominees who were security holders of record for Settlement Class members. This written notice will be substantially in the form of Exhibit A-1 to the Stipulation.[1] Second, a Summary Notice of the proposed settlement will be published in the national edition of *The Wall Street Journal*. The Summary Notice will be substantially in the form of Exhibit A-3 to the Stipulation.

The written notice provides details regarding the terms of the settlement, the rights of Settlement Class members to share in the recovery, and the rights of Settlement Class members to request exclusion from the Settlement Class or to object to the settlement. Both the written notice and the Summary Notice will provide the date, time and place of the final hearing to consider the proposed settlement and information about the right of Settlement Class members to be present at the final hearing. Both forms of notice also provide contact information for Plaintiffs' Lead Counsel and the Claims Administrator.

The following is a proposed timetable for the schedule of events if the Court preliminarily approves the settlement:

---

[1] Included with the written notice sent to the Settlement Class members will be a Proof of Claim and Release form substantially in the form of Exhibit A-2 to the Stipulation.

| Event | Time for Compliance |
|---|---|
| Deadline for Mailing of Notice of Pendency and Settlement Class Action and a Proof of Claim and Release Form to Class Members (the "Notice Date") | Within 30 days of entry of the Notice Order |
| Publishing Summary Notice in *The Wall Street Journal* | Within 5 business days of the Notice Date |
| Deadline for Filing Exclusion Requests | 60 days after the Notice Date |
| Deadline for Objections | 60 days after the Notice Date |
| Filing of Motion in Support of Settlement and Motion for Counsel Fees and Reimbursement of Expenses | 7 days prior to the Settlement Hearing Date |
| Settlement Hearing Date | 100 days after entry of the Notice Order or later at the Court's convenience |
| Deadline for Filing Proofs of Claim | 120 days after the Notice Date |

The form and manner of the proposed settlement notice satisfies all of the requirements of Rule 23, the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and due process, and Lead Plaintiff requests that the Court direct that notice of the proposed settlement be given to members of the Settlement Class.

## VII.  CONCLUSION

For these reasons, Lead Plaintiff respectfully requests that the Court grant this Motion for Preliminary Approval of Settlement and enter the Order attached to the Stipulation as Exhibit A.

## VIII.  CERTIFICATION

Lead Counsel for Lead Plaintiff City of Philadelphia Board of Pensions and Retirement and the Class certifies pursuant to D.C.COLO.LCivR 7.1(A) that they have conferred with defense counsel and defense counsel has represented that Defendants do not oppose this motion.

14

DATED:  May 24, 2007                     Respectfully submitted,

                                                     s/ Sherrie R. Savett
Sherrie R. Savett
Russell D. Paul
Casey M. Preston
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone: (215) 875-3000
*Lead Counsel for Lead Plaintiff City of Philadelphia Board of Pensions and Retirement and the Class*

s/ Renée B. Taylor
Gerald L. Bader, Jr.
Renée B. Taylor
14426 East Evans Ave., Suite 200
Denver, CO  80014
Telephone: (303) 534-1700
*Local Counsel for Lead Plaintiff City of Philadelphia Board of Pensions and Retirement and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email address:

**Karen Jean Cody Hopkins**
kjch@lilleylaw.com    rcosio@lilleylaw.com

**Charles Walter Lilley**
clilley@lilleylaw.com

**Jessica Hoff**
jhoff@lilleylaw.com

**F. James Donnelly**
fjamesdonnelly@comcast.net

**Coates Lear**
Clear@hhlaw.com    RJPacheco@hhlaw.com    ecfnotices@hhlaw.com

15

**James E. Nesland**
neslandje@cooley.com   foutsdl@cooley.com   inghramjl@cooley.com
calendarreq@cooley.com   inghramjl@cooley.com

**Paul Howard Schwartz**
schwartzph@cooley.com   adamsrs@cooley.com   foutsdl@cooley.com
colitigation@cooley.com   calendarreq@cooley.com

**Andrew Ryan Shoemaker**
arshoemaker@hhlaw.com   tlfry@hhlaw.com   ecfnotices@hhlaw.com

**Kip Brian Shuman**
kip@chumanberens.com   lisa@shumanberens.com

**Jeffrey Allen Smith**
jsmith1@cooley.com   foutsdl@cooley.com   inghramjl@cooley.com
calendarreq@cooley.com

**Pamela G. Smith**
pamela.smith@kattenlaw.com   cynthia.jukovich@katten.law.com

**Jeffrey Alan Springer**
jspringer@springer-and-steinberg.com   law@springer-and-steinberg.com

**Thomas Lee Strickland**
tlstrickland@hhlaw.com   kddarling@hhlaw.com

**Marc M. Umeda**
umeda@ruflaw.com   zimmer@ruflaw.com   notice@ruflaw.com

**Rachel M. Vorbeck**
rachel.vorbeck@kattenlaw.com   christine.lyman@kattenlaw.com

**Michael S. Weisman**
Michael.weisman@kattenlaw.com

                                                s/ Colette Poeppel
                                                Colette Poeppel