IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Edward W. Nottingham

Civil Action No. 05-cv-01563-EWN-BNB

(Consolidated with Baird v. Red Robin Gourmet Burgers, Inc., 05-cv-01903)

ANDRE ANDROPOLIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

RED ROBIN GOURMET BURGERS, INC.,
MICHAEL J. SNYDER,
JAMES P. McCLOSKEY,
LISA A. DAHL,
KATHERINE L. SCHERPING, and
DENNIS B. MULLEN,

Defendants.

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND APPROVING THE FORM AND MANNER OF NOTICE**

WHEREAS, on August 15, 2005, Andre Andropolis filed the first of two securities class actions against Red Robin Gourmet Burgers, Inc. ("Red Robin"), Michael J. Snyder and James P. McCloskey in the United States District Court for the District of Colorado;

WHEREAS, on December 19, 2005, the Court consolidated the cases and appointed the City of Philadelphia Board of Pensions and Retirement as Lead Plaintiff in the consolidated case, and approved its selection of Berger & Montague, P.C. as lead counsel and Bader & Associates, L.L.C. as local counsel;

1

WHEREAS, on February 28, 2006, Lead Plaintiff filed the Consolidated Complaint (the "Complaint"), asserting claims under Sections 10(b), 14 and 20(a) of the Securities Exchange Act of 1934 on behalf of all persons who purchased the common stock of Red Robin between August 13, 2004 and January 9, 2006, inclusive, against Red Robin, Michael J. Snyder, James P. McCloskey, Lisa A. Dahl, Katherine L. Scherping, and Dennis B. Mullen;

WHEREAS, on May 1, 2006, Defendants moved to dismiss the Complaint;

WHEREAS, on January 2, 2007, the Court issued an Order and Memorandum of Decision granting Defendants' motions to dismiss as to all claims with prejudice.  The Court entered final judgment against Plaintiffs on January 17, 2007;

WHEREAS, the Parties agreed to attend a non-binding mediation session before retired U.S. District Judge Nicholas Politan on January 18, 2007;

WHEREAS, on February 14, 2007, Lead Plaintiff filed a Notice of Appeal as to the Court's dismissal of its claims;

WHEREAS, after significant negotiation, the Parties reached an agreement to settle the Litigation, which is set forth in principle in a Memorandum of Understanding dated April 4, 2007.  The terms and conditions of the Settlement are contained in the Stipulation of Settlement (the "Stipulation") dated May 24, 2007;

WHEREAS, the Tenth Circuit Court of Appeals granted the Parties' Joint Motion to Voluntarily Dismiss Lead Plaintiff's appeal on May 14, 2007.

WHEREAS, on May 31, 2007, the Court granted the Parties' joint motion to vacate the Judgment entered on January 17, 2007 for purposes of considering approval of the Parties' Settlement in accordance with Fed. R. Civ. P. 23(e).

WHEREAS, Plaintiffs' Lead Counsel and Defendants' Counsel have represented that they, on behalf of the Parties, have engaged in substantial arm's length negotiations in an effort to resolve all claims that have been or could be asserted in the Litigation, including conducting a mediation and numerous telephone conferences during which the terms of the agreements detailed herein were extensively debated and negotiated;

WHEREAS, Plaintiffs' Lead Counsel represented that they have carefully considered and evaluated, among other things, the relevant legal authorities and evidence to support the claims asserted against the Defendants, the likelihood of prevailing on those claims, and the likely appeals and subsequent proceedings if the Lead Plaintiff did prevail against the Defendants, and have concluded that the proposed Settlement is in the best interests of Lead Plaintiff and the Settlement Class Members;

WHEREAS, the Defendants have denied and continue to deny that they have liability as a result of any and all allegations asserted in the Litigation, and are entering into the Settlement to eliminate the burden, distractions, expense and uncertainty of further litigation;

WHEREAS, the Parties and their counsel believe that the terms and conditions contained in the Stipulation are fair, reasonable and adequate; and

WHEREAS, the Parties have submitted for approval the Stipulation that has been entered into by the Lead Plaintiff and Defendants. Based upon the Stipulation and its attached exhibits, the written and oral submissions by the Parties, and all prior papers and proceedings herein, and good cause appearing,

IT IS HEREBY ORDERED:

1. The Court, for the purposes of this preliminary order, adopts all defined terms as set forth in the Stipulation.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration thereof at the Settlement Hearing.

3. Pursuant to Fed. R. Civ. P. 23(b)(3), and for the purposes of the Settlement only, this Litigation is hereby certified as a class action on behalf of all purchasers of the common stock of Red Robin Gourmet Burgers, Inc. between August 13, 2004 and January 9, 2006, inclusive. Excluded from the Settlement Class are Defendants and members of their immediate families, any entity in which any Defendant has or had a controlling interest, any trust for which any of the Defendants or members of their immediate families is the settlor or which is for the benefit of any of the Defendants or members of their immediate families, current and former directors and officers of Red Robin and members of their immediate families, and the legal representatives, heirs, successors, or assigns of any such excluded Person.

4. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: Court finds and concludes that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the Settlement Class; (d) Lead Plaintiff and Plaintiffs' Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members, and (e) a class

action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

5.      Pursuant to Fed. R. Civ. P. 23, Lead Plaintiff the City of Philadelphia Board of Pensions and Retirement is certified as Class Representative.

The Court approves as to form and content, and for distribution to the Settlement Class Members, a Notice of Pendency and Proposed Settlement of Class Action (the "Settlement Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice") substantially in the form of Exhibits 1, 2, and 3 hereto.  Within thirty (30) days of entry of this Order, Plaintiffs' Lead Counsel shall cause a copy of the Settlement Notice and Proof of Claim to be mailed by first-class mail to the Settlement Class Members who can be identified with reasonable effort (the "Notice Date").  Within five (5) business days of the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *the Wall Street Journal.*

1.      Nominees of persons who hold Red Robin common stock for the benefit of a Settlement Class Member shall send the Settlement Notice and Proof of Claim to such Settlement Class Members within ten (10) days after receipt thereof, or send a list of the names and addresses of such Settlement Class Members to the Claims Administrator in which event the

Claims Administrator promptly shall mail the Settlement Notice and Proof of Claim to such beneficial owners. Reasonable and actual out-of-pocket expenses incurred by nominees as a result of this Order shall be reimbursed as provided in the Settlement Notice.

2. The Court finds that mailing and distribution of the Settlement Notice and publishing of the Summary Notice substantially in the manner required by Paragraphs 6 and 7, constitutes the best notice practicable and meets the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), due process under the United States Constitution, and shall constitute due and sufficient notice to all Settlement Class Members entitled thereto of the proposed Settlement and of the Settlement Hearing.

3. Any Person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall do so in the manner described in the Settlement Notice. Unless the Court orders otherwise, no request for exclusion shall be valid unless it is postmarked on or before the sixtieth (60th) day following the date on which the Settlement Notice was mailed or such other time as may be set by the Court.

4. Any Settlement Class Member shall have a right to appear and be heard at the Settlement Hearing. Any Settlement Class Member may enter an appearance personally or through counsel of such Settlement Class Member's own choosing and at such Person's own expense by filing a Notice of Appearance with the Court and serving Plaintiffs' Lead Counsel and Defendants' Counsel as provided in the Settlement Notice. If they do not enter an appearance, they will be represented by Plaintiffs' Lead Counsel. No opposition by a Settlement Class Member to the Settlement, Plan of Allocation or to Plaintiffs' Lead Counsel's Fee Award and Expense Reimbursement Application shall be heard at the Settlement Hearing unless such

Settlement Class Member has filed with the Court and served in person, by first-class mail, or overnight delivery on Plaintiffs' Lead Counsel and Defendants' Counsel on or before the sixtieth (60th) day following the date on which the Settlement Notice was mailed or such other time as may be set by the Court, a written notice of objection and the grounds for opposing the Settlement or Plan of Allocation or Fee Award and Expense Reimbursement Application along with proof of Settlement Class Member status as provided in the Settlement Notice. Only Settlement Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing. Any Settlement Class Member who does not timely file and serve a written objection complying with such requirement shall be deemed to have waived, and shall be forever foreclosed from raising any objection to the Settlement, Plan of Allocation and application for reimbursement of expenses, unless otherwise ordered by the Court.

5. All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

6. Settlement Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than 120 days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court. Notwithstanding the foregoing, Plaintiffs' Lead Counsel may, in their discretion, accept for processing late claims so

long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

7. A Settlement Hearing will be held on September 28, 2007, at 2:00 p.m., before this Court in Courtroom A-201, for the following purposes:

    a. to determine whether the proposed Settlement as set forth in the Stipulation, should be approved as fair, reasonable and adequate, and whether the Final Judgment and Order approving the Settlement should be entered;

    b. to determine whether the Final Judgment and Order as provided under the Stipulation should be entered, dismissing the complaints filed in the Litigation with prejudice, and whether releases should be provided to the Released Parties, as defined in the Stipulation;

    c. to determine whether the proposed Plan of Allocation should be approved;

    d. to consider whether the application of Plaintiffs' Lead Counsel for an award of attorneys' fees and reimbursement of expenses should be approved; and

    e. to rule upon such other matters as the Court may deem appropriate.

8. No later than seven (7) days before the Settlement Hearing, all briefs supporting the Settlement and the Fee Award and Expense Reimbursement Application shall be served and filed.

9. No Person that is not a Settlement Class Member or Plaintiffs' Lead Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

10. The Settlement Fund and all constituent parts thereof shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

11. The Court appoints the firm of Heffler, Radetich & Saitta L.L.P. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as set forth herein.

12. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or by any Plaintiffs of the merit of any defense or lack of merit of any claim.

13. All proceedings in the Litigation are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Settlement Class Member, either directly, or indirectly as a representative or in any other capacity, shall commence or prosecute against any of the Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims.

14. All reasonable costs incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. Any funds actually expended for these purposes shall not be required to be refunded by Plaintiffs' Lead Counsel, even if the Settlement is not approved.

15. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications as part of or connected with the proposed Settlement. The Court may approve the Settlement with such modification as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: June 4, 2007

                                          BY THE COURT:

                                          s/ Edward W. Nottingham
                                          EDWARD W. NOTTINGHAM
                                          United States District Judge