IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Edward W. Nottingham

Civil Action No. 05-cv-01563-EWN-BNB

(Consolidated with <u>Baird v. Red Robin Gourmet Burgers, Inc.</u>, 05-cv-01903)

ANDRE ANDROPOLIS, on behalf of himself and all others similarly situated,

Plaintiff,

v.

RED ROBIN GOURMET BURGERS, INC.,
MICHAEL J. SNYDER,
JAMES P. McCLOSKEY,
LISA A. DAHL,
KATHERINE L. SCHERPING, and
DENNIS B. MULLEN,

Defendants.

---

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

---

This matter came before the Court for final hearing pursuant to the Order of this Court, dated June 4, 2007 ("Notice Order"), on the application of the parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement dated as of May 24, 2007 (the "Stipulation"). Due and adequate notice having been published and transmitted by first-class mail, postage prepaid, to those persons or entities who could reasonably be identified as having purchased Red Robin Gourmet Burgers, Inc. ("Red Robin") common stock during the period from August 13, 2004 through January 9, 2006, inclusive (the "Class Period"), except for those persons or entities excluded from the definition of the Class, (together, the "Settlement Class Members"), and all such persons having any objection to the proposed Settlement or the plan of allocation described in the Settlement Notice having been given an opportunity to present

1

such objections to the Court; and the Court having heard all parties and having considered all papers filed in connection therewith, and otherwise being fully informed in the premises and good cause appearing herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Final Judgment and Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation, including all matters necessary to effectuate the Settlement, and over all parties to the Litigation, including the Lead Plaintiff, all Settlement Class Members and the Defendants. Without in any way affecting the finality of this Final Judgment and Order, this Court hereby retains jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; and (b) all Parties for the purpose of construing, enforcing and administering the Stipulation.

3. This Court hereby certifies this Litigation as a class action for settlement purposes only, on behalf of all Persons who purchased Red Robin common stock between August 13, 2004 and January 9, 2006, inclusive. Excluded from the Settlement Class are Defendants and members of their immediate families, any entity in which any Defendant has or had a controlling interest, any trust for which any of the Defendants or members of their immediate families is the settlor or which is for the benefit of any of the Defendants or members of their immediate families, current and former directors and officers of Red Robin and members of their immediate families, and the legal representatives, heirs, successors, or assigns of any such excluded Person.

Also excluded from the Settlement Class are any persons who submitted valid and timely requests for exclusion from the Settlement Class, as identified in Exhibit A hereto.

4. The Court finds that the Notice of Pendency and Proposed Settlement of Class Action ("Settlement Notice") was given in accordance with the Notice Order and was mailed to all Settlement Class Members who could be identified through reasonable effort. The Court also finds that the Settlement Notice provided the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Settlement Notice fully satisfied the requirements of Fed. R. Civ. P. 23, the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the requirements of due process, and any other applicable law.

5. The Court finds that the Stipulation and Settlement are, in all respects, fair, reasonable, adequate, meet the requirements of due process, and are in the best interests of the Class, and hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties and the Claims Administrator to consummate the terms and provisions of the Settlement.

6. The Court further finds that the Stipulation and Settlement have been entered into and made in good faith, and that the Lead Plaintiff and Plaintiffs' Lead Counsel have fairly and adequately represented the interests of the Settlement Class Members in connection with the prosecution of the Litigation and the Settlement.

7. Except as to any individual claim of those Persons (identified in Exhibit A hereto) who have validly and timely requested exclusion from the Settlement Class, this Court hereby dismisses the Litigation, against the Defendants and the Released Parties, with prejudice and without costs (except as provided in the Stipulation) to be binding on the Lead Plaintiff and all Settlement Class Members.

8. Upon the Effective Date, each and every Settlement Class Member who has not timely and validly requested exclusion, whether or not such Settlement Class Member has filed a Proof of Claim, is and will be deemed to have conclusively released all Released Claims as against the Released Parties. Lead Plaintiff and all other Settlement Class Members who have not properly excluded themselves from the Settlement Class, shall further, as of the Effective Date, conclusively be deemed to have waived the rights afforded by California Civil Code § 1542 and any similar statute or law, or principle of common law, of California or any other jurisdiction.

9. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Final Judgment shall have fully, finally and forever released, relinquished and discharged each and all of the Lead Plaintiff, Plaintiffs' Lead Counsel, Settlement Class Members and their counsel from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. Those persons, if any, identified in Exhibit A hereto shall be excluded from the Settlement Class and from any benefits under the Settlement and (a) said persons may not pursue any claims or remedies on behalf of those who are bound by the Final Judgment against the Defendants or the other Released Parties, or in connection with or relating in any way to the Released Claims compromised in the Settlement and (b) they shall not commence, maintain, or participate in any class, derivative or representative action relating in any way to the Released Claims compromised in the Settlement.

11. Neither the Settlement, this Final Judgment and Order, any of their terms and provisions, nor the fact of settlement, nor any of the proceedings or negotiations connected with

it, nor any of the documents or statements referred to therein shall be: (a) construed as a concession or admission by the Defendants or the Released Parties with respect to any of the Released Claims or be deemed evidence of any violation of any statute or law or of any liability, fault or wrongdoing with respect to the Released Claims; (b) offered or received against the Defendants as an admission or concession that recovery could be had in any amount should the Litigation not be settled; (c) construed as a concession or admission by Lead Plaintiff or any Settlement Class Member that their claims lack merit or that the defenses asserted by the Defendants have merit; (d) offered or received in evidence in any civil, criminal or administrative action, arbitration or other proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement; provided, however, that the Defendants may file the Stipulation, the Final Judgment and Order and/or any releases executed in connection therewith, in any action that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. If the Effective Date of the Settlement fails to occur, then this Final Judgment and Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. The provisions of this Final Judgment and Order constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay and directs, pursuant to Fed. R. Civ. P. 54(b), this Judgment to be entered as a final judgment with respect to all matters ordered, judged and decreed.

15. Entry of final judgment and final approval of the Settlement settles all claims that have been asserted or could have been asserted in this Litigation between the Lead Plaintiff and the Settlement Class, on the one hand, and the Released Parties on the other hand, and each and every Settlement Class Member who has not timely and validly requested exclusion, whether or not such Settlement Class Member has filed a Proof of Claim, shall be hereby forever barred from commencing, instituting or prosecuting, either directly or indirectly, the Released Claims or any action or other proceeding against any of the Released Parties with respect to or arising from the Released Claims

16. All future claims for contribution arising out of the Litigation (i) by any person against any of the Released Parties and, (ii) by any Released Party against any person, other than a person whose liability has been extinguished by the settlement of the Released Claims, are hereby permanently barred to the fullest extent permitted by 15 U.S.C. § 78u-(f)(7)(A) and any other applicable law or regulation.

17. Judgment under Fed. R. Civ. P. 54(b) will not result in unnecessary appellate review, nor will review of the adjudicated claims moot any further developments in the Litigation.  Even if appeals are subsequently filed, the nature of these claims are such that the appellate court would not have to decide the same issue more than once.  The reservation of jurisdiction by this Court pursuant to Paragraph 20 shall not affect in any way the finality of this Final Judgment and Order.

18. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Final Judgment and Order forthwith.

19. Without in any way affecting the finality of this Final Judgment and Order, this Court shall retain continuing jurisdiction over the Litigation and the parties to the settlement to enter any future orders as may be necessary for the purposes of effectuating the settlement and enforcing the Final Judgment.

20. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

21. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

IT IS SO ORDERED.

DATED:  September 28, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge