UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:05-cv-01563-EWN-BNB

(Consolidated with *Baird v. Red Robin Gourmet Burgers, Inc.,* No. 05-cv-01903; and consolidated for pretrial proceedings with *Wilster v. Snyder*, No. 05-cv-01707)

**[This filing relates to: *Wilster v. Snyder*, No. 05-cv-01707]**

ANDRE ANDROPOLIS, on behalf of himself and others similarly situated,

    Plaintiff,

v.

RED ROBIN GOURMET BURGERS, INC.,
MICHAEL J. SNYDER, and
JAMES P. MCCLOSKEY

    Defendants.

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the Parties have made an application for an order preliminarily approving the settlement (the "Settlement") of the Litigation, in accordance with the Stipulation of Settlement dated as of February 29, 2008 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement and dismissal of the Action, upon the terms and conditions set forth therein; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto;

    NOW, THEREFORE, IT IS HEREBY **ORDERED**:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on June 6, 2008 at 3:15 p.m. to: (a) determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate; (b) determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Litigation with prejudice as against all Defendants, extinguishing all Released Claims (as defined in the Stipulation) against all Released Persons (as defined in the Stipulation), and permanently enjoining Plaintiff and his respective affiliates, and anyone claiming through or for the benefit of any of him, from prosecuting the Released Claims against the Released Persons; and (c) rule on such other matters as the Court may deem appropriate.

3. The Court approves, as to form and content, the Notice of Proposed Settlement ("Notice") annexed as Exhibit B to the Stipulation, and finds that the mailing and distribution of the Notice, substantially in the manner and form set forth in this Order, meets the requirements of applicable law, constitutes due and sufficient notice of the Settlement Hearing to all persons entitled to receive such a notice, and fully satisfies each of the requirements of applicable law and due process, and is the best notice practicable under the circumstances.

4. Within ten (10) business days after the date of this Order, Red Robin shall cause the Notice to be mailed by United States mail, postage pre-paid, to all stockholders of record of Red Robin Gourmet Burgers, Inc., at their last known address appearing in the stock transfer records maintained by or on behalf of Red Robin Gourmet Burgers, Inc. All costs of such Notice shall be paid by Red Robin. All record holders who are not also the beneficial owners of the shares of Red Robin Gourmet Burgers, Inc., common stock held by them of record are requested to forward the Notice to such beneficial owners of those shares. Counsel shall use reasonable efforts to give notice to such beneficial owners by: (a) making additional copies of the Notice available to any record holder who, prior to the Settlement Hearing, requests additional copies for distribution to beneficial owners;

or (b) mailing additional copies of the Notice to beneficial owners whose names and addresses Red Robin Gourmet Burgers, Inc., receives from record holders.

5. Any shareholder who objects to the Settlement, the Order and Final Judgment to be entered in the Litigation, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing, as appropriate, and present evidence or argument that may be proper and relevant; provided, however, that no person other than Plaintiff's Counsel and counsel for the Defendants in the Litigation shall be heard, and no papers, briefs, pleadings or other documents submitted by any person shall be considered by the Court unless not later than fourteen (14) calendar days prior to the Settlement Hearing, such person files with the Court and serves upon counsel listed below: (a) a written notice of intention to appear; (b) a statement of such person's objections to any matters before the Court; (c) the grounds therefor or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; and (d) proof of current ownership and purchase(s) of Red Robin stock. Such filings shall be served upon the following counsel:

Marc M. Umeda  
Shane P. Sanders  
ROBBINS UMEDA & FINK, LLP  
610 West Ash Street, Suite 1800  
San Diego, CA 92101  

*Counsel for Plaintiff*

Andrew R. Shoemaker  
HOGAN & HARTSON L.L.P.  
One Tabor Center, Suite 1500  
1200 Seventeenth Street  
Denver, CO 80202  
Telephone: (303) 899-7300  
Facsimile: (303) 899-7333  

*Counsel for defendants Robert J. Merullo, James T. Rothe, Gary J. Singer, Dennis B. Mullen, Benjamin D. Graebel and Edward T. Harvey, Jr., and nominal defendant Red Robin Gourmet Burgers, Inc.*

James E. Nesland  
Paul Schwartz  
Jeffrey A. Smith  
COOLEY GODWARD KRONISH LLP  
380 Interlocken Crescent, Suite 900  
Broomfield, CO 80021-8023  
Telephone: (720) 566-4082  
Facsimile: (720) 566-4099  

*Counsel for defendant James McCloskey*

David H. Kistenbroker  
Pamela G. Smith  
Rachel M. Vorbeck  
Steven J. Dollear  
KATTEN MUCHIN ROSENMAN LLP  
525 West Monroe Street  
Chicago, IL 60661  
Telephone: (312) 902-5200  
Facsimile: (312) 902-1061  

*Counsel for defendant Michael J. Snyder*

6. Unless the Court otherwise directs, no person shall be entitled to object to the approval of the Settlement, any judgment entered thereon, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as prescribed in the preceding paragraph. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

7. Any papers in support of final approval of the Settlement shall be filed with the Court and served at least seven (7) days before the Settlement Hearing.

8. Any reply papers in response to any objections or in further support of the Settlement shall be filed with the Court and served at least seven (7) days before the Settlement Hearing.

9. All reasonable expenses incurred in identifying and notifying current Red Robin Shareholders shall be paid by Red Robin as set forth in the Stipulation.

10. Neither the Stipulation nor any document referred to therein, nor any action taken to carry out the Stipulation, nor any negotiations, statements or proceedings in connection therewith, shall be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants, or any other person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature.

11. The Court reserves the right to adjourn the Settlement Hearing without further notice of any kind. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification as may be consented to by the parties to the Stipulation and without further notice to shareholders.

\* \* \*

**ORDER**

IT IS SO ORDERED.

DATED: April 1, 2008                    s/ Edward W. Nottingham
                                        CHIEF UNITED STATES DISTRICT JUDGE