UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01563-MSK-BNB

ANDRÉ ANDROPOLIS, On Behalf of Himself and All Others Similarly Situated,

    Plaintiffs,

    v.

RED ROBIN GOURMET BURGERS, INC.;
MICHAEL J. SNYDER;
JAMES P. McCLOSKEY;
LISA A. DAHL;
KATHERINE L. SCHERPING; and
DENNIS B. MULLEN,

    Defendants.

---

## ORDER APPROVING DISTRIBUTION OF SETTLEMENT FUND AND ALLOWING PAYMENT OF SETTLEMENT ADMINISTRATION COSTS

---

**AND NOW**, this 16th day of April 2009, upon consideration of: (i) Lead Plaintiff's Motion for an Order Approving Distribution of Settlement Fund and Allowing Payment of Settlement Administration Costs (the "Distribution Motion") **(#205)**, it is hereby **ORDERED** as follows:

1.    Based upon the representations of Heffler, Radetich & Saitta L.L.P. ("Heffler") and Plaintiffs' Co-Lead Counsel the administration of the Settlement is complete.

3.    The Court hereby approves payment in the amount of $70,258.95 to Heffler for the remaining unpaid and future fees and costs of claims administration. This payment is to be made from the Settlement Fund.

3.    Plaintiffs' Co-Lead Counsel and Heffler are directed to distribute the balance of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation

approved by the Court in its September 28, 2007 Final Judgment. If, after the initial distribution, any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, and, after Heffler has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, any balance remaining in the Net Settlement Fund one year after the initial distribution of such funds shall be redistributed on a *pro rata* basis, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Authorized Claimants who have cashed their original distribution checks and who would receive at least $10 from such redistribution. If, after six months following such redistribution, any funds remain in the Net Settlement Fund, then such balance shall be contributed to a non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel, subject to Court approval.

4. Heffler may destroy all claim forms and related correspondence five years after the final distribution. Heffler shall also retain all other administrative records, including copies of the Payable Claims and Non-Payable Claims Listings, and the computer database used to create the listings, for a period of five years after the final distribution of the Net Settlement Fund to Authorized Claimants.

DATED: April 16, 2009

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge